JENSEN'S, INC. v. TOWN OF PLAINVILLE ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued March 5—decided March 31, 1959

*Howard J. Maxwell,* for the appellant (plaintiff).

*Arnold M. Sweig,* for the appellees (defendants).

KING, J.  On April 15, 1947, the plaintiff bought a ten-acre park for forty-five trailers which was then being operated as a nonconforming use in a residential zone on the east side of East Street in Plainville.  Zoning had been adopted in 1942, and

the regulations limited the total number of trailer parks in the town to eight and the number of trailers in any one park to forty-five and forbade any trailer park in a residential zone. Plainville Zoning Regs., § 17 (B) (2), (4) (1942). The regulations authorized the continuance of nonconforming uses; id. § 11; and it was by virtue of this provision that the plaintiff operated the trailer park in a residential zone. The right to amend the regulations was expressly reserved. Id. § 22.

On June 11, 1947, the plaintiff purchased a five-acre tract adjoining its trailer park and on November 18, 1950, it purchased another adjoining parcel of one and one-half acres. Both were in the same residential zone as the trailer park, and neither had ever been used in any way for trailers. Owing principally to the shortage of housing in Plainville, the plaintiff applied for and received temporary permits to increase the number of trailers in its park from forty-five to seventy-five. The legality of these permits is not in issue. Beginning in 1948, the plaintiff did not confine the trailers to the ten-acre tract, although prior to 1953 it did not disclose this in its proceedings to obtain permits to increase the number of trailers in its park.

Effective May 29, 1951, the zoning commission amended its regulations to prohibit the establishment of any new trailer parks in Plainville. Plainville Zoning Regs., § 17 (E) (1951). Subsequently, the plaintiff applied for a variation to permit it to continue to maintain the thirty extra trailers and, on January 28, 1954, this was granted by the zoning board of appeals for a period limited to two years. On March 14, 1956, the plaintiff applied to the board for a special exception to permit the maintenance of the thirty additional trailers for two more years.

This was denied, and the board ordered the plaintiff to reduce, within one year, the number of trailers on its property to forty-five. The plaintiff then instituted the present proceeding, in effect seeking a judgment declaring that the zoning regulations were invalid and unconstitutional in so far as they prohibited it from using its three tracts of land for a trailer park or limited the number of trailers thereon. It also sought injunctive relief against the enforcement of the regulations. No claim was made that any of the regulations involved were not validly enacted if the commission had power to act on their subject matter. In a counterclaim, the defendants sought injunctive relief against (1) the use by the plaintiff for trailer camp purposes of any of its land except the original ten-acre tract and (2) the maintenance of a trailer camp having more than forty-five trailers on it. On the complaint, the court entered judgment that the ordinance is valid and constitutional; it granted the injunctive relief sought under the counterclaim.

The only land the plaintiff owns or proposes to use for trailer camps is, and continuously since 1942 has been, in a residential zone. Thus the plaintiff is adversely affected by the zoning ordinances only in so far as they prohibit trailer camps on property in a residential zone—a prohibition which has been in effect since the adoption of zoning in 1942. That zoning regulations forbidding the operation of trailer parks in residential zones are valid, proper and constitutional, except perhaps under very exceptional circumstances, is settled law. 2 Yokley, Zoning Law & Practice (2d Ed.) § 253; 101 C.J.S. 690; *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 733, 137 A.2d 756; *Wallingford* v. *Roberts,* 145 Conn. 682, 683, 146 A.2d 588. No excep-

tional circumstances were alleged or proven here as to any of the plaintiff's three tracts of residential land. Therefore neither the 1942 nor any subsequent zoning regulations forbidding the operation of a trailer park in a residential zone were unconstitutional or invalid. The only right of the plaintiff to maintain a trailer park is by virtue of the nonconforming use and is limited to its first tract. That right was never abridged or curtailed and still exists. Of course, the plaintiff has no standing to challenge the constitutionality of the regulations as applied to other land in Plainville in which it has no interest. *State* v. *Sinchuk,* 96 Conn. 605, 615, 115 A. 33; *Cyphers* v. *Allyn,* 142 Conn. 699, 707, 118 A.2d 318; *Benson* v. *Housing Authority,* 145 Conn. 196, 204, 140 A.2d 320.

The plaintiff also claims that the permits granted it for temporary increases in the number of trailers applied to all three tracts, not merely to the original tract, and thereby extended to the second and third tracts a status as a nonconforming use for trailer park purposes. Neither of these tracts was used for a trailer park prior to 1948, nor was any such use disclosed to the defendants until at least 1953. In any event, whether the temporary permits for the thirty extra trailers covered all three tracts or only the ten-acre tract is immaterial. There was no proof of waiver or estoppel. *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 194, 148 A.2d 554. If, as the plaintiff claims, it was granted permits temporarily to place trailers on the second and third tracts on and after 1953, this would not, under any facts appearing here, enable it to continue that practice as a protected nonconforming use after the expiration of the times limited in the permits. And if the granting of any or all of these temporary permits was be-

yond the power of the zoning board of appeals, this would in nowise change the law or strengthen the plaintiff's case on any facts appearing here. Indeed, such temporary permits were issued in response to the plaintiff's own petitions.

The judgment did not affect or curtail the plaintiff's nonconforming use of the ten-acre tract as a trailer park for not exceeding forty-five trailers. This is the limit of the plaintiff's right.

There is no error.

In this opinion the other judges concurred.