Ralph J. BROWN, Plaintiff in Error,

v.

MIDWEST CITY, a Municipal Corporation, Defendant in Error.

No. 40053.

Supreme Court of Oklahoma.

March 19, 1963.

Chas. D. Scales, Oklahoma City, for plaintiff in error.

Edward H. Ferrish, Midwest City, for defendant in error.

BLACKBIRD, Chief Justice.

The parties to this appeal appear in the same order as they appeared in the trial court, and will be referred to by their trial court designations of "plaintiff" and "defendant".

Plaintiff is the owner of Lot 1, Block 4, in a subdivision of 40 acres dedicated, and referred to herein, as "Bountiful Acres". Before Bountiful Acres was annexed by the defendant city in 1959, plaintiff, in July of that year, with the idea of constructing a business building on his lot, obtained a so-called "Building Permit" from the County Planning Commission of Oklahoma County. Approximately two years later, after plaintiff had incurred some expense in the preliminary stages of constructing such a building, the defendant City issued a "stop order". He then ceased his construction activities and instituted this action. The only specific effective relief that plaintiff sought, by his petition, to obtain against defendant, was injunctive, to prevent defendant from interfering with his completing the building.

At the trial, plaintiff introduced in evidence, among other things, the original plat of Bountiful Acres, together with the "Owners Certificate & Dedication", as approved by the "Regional Planning Commission" for Oklahoma County, and filed of record in the County Clerk's Office in May, 1945. In the list of restrictions accompanying the plat, Lot 1, Block 4, was one of the lots named that " * * * may be used for —usiness purposes." The only other evidence plaintiff introduced as claimed authority for construction of a business building on his lot was the above-mentioned Oklahoma County Planning Commission "Building Permit", upon which was printed, among other things, the following:

"This permit is issued to and accepted by the applicant upon representation that the improvements will be made in

# 94

conformity with and under the provisions of the County Regulations covering zoning, the rules and regulations of the County Planning Commission and any and all parts of the Master Plan for Oklahoma County, and is not contrary to any restrictions in the plat of said addition in which said property is located, or in the deed covering same and it is agreed that this application becomes void if said improvement does not comply with any part of this application."

Defendant's evidence tended to show, among other things, that plaintiff's lot had never been zoned for business by any official, or body, having such authority.

At the close of the trial the court rendered judgment for defendant, and plaintiff thereafter perfected this appeal.

Plaintiff advances several arguments under four propositions for reversal, but in view of the position he has taken in his Reply Brief, we deem it necessary to consider only a few of them.

One of his contentions is, in substance, that the hereinbefore mentioned approval of the annexed plat of Bountiful Acres in May, 1945, by the "Regional Planning Commission" was the equivalent of zoning it for business. He further argues: "Any subsequent statute pertaining to the zoning is not retroactive and can not impair the obligation of the dedication contract." Plaintiff's representations concerning the cases he cites, except for State ex rel. LaVoie v. Building Commission Of Trumbull, 135 Conn. 415, 65 A.2d 165, show that they are distinguishable from the present one. In the cited case, it was held, in effect, that where the town plan commission of Trumbull, Connecticut, had approved a map of a tract of land as a part of a "layout" for its development—one of the lots shown thereon containing the area prescribed in the zoning regulations—the owner of said lot was entitled to a permit for the construction of a house on the lot. The Connecticut statutes governing that case were different from any involved here, however, one of them re-

quiring that the town plan commission adopt regulations governing the subdivision of the land *before* exercising its powers. And one of the regulations it had adopted required all lots to "be the size required by the zoning regulations." We consider the Connecticut case inapposite to the present one, and insufficient support for plaintiff's position.

Plaintiff makes no specific contention that the hereinbefore mentioned Regional Planning Commission's endorsed approval of the plat rendered unnecessary, or superfluous, his obtaining of the building permit in 1959—more than a year after he acquired title to his lot in May of 1958. Before this date of his said acquisition, the so-called "Regional Planning Commission", which had approved the plat of the Addition had been replaced by the "County Planning Commission", which was established under the provisions of House Bill No. 374, enacted by the Twenty-Second Legislature in 1949 (S.L.1949, p. 172 ff) said enactment, as amended, being incorporated in the Oklahoma Statutes of 1961, as Tit. 19, §§ 865.2–865.23.

Defendant contends that the trial court's judgment is correct for the reason (if none other) that the evidence failed to show plaintiff's compliance with certain provisions of this law. The cited law, which, as above shown, was in force and effect long before plaintiff's acquisition of his lot, makes the matter of zoning regulations the prerogative of the Board of County Commissioners, and its section 17 (Tit. 19 O.S.1961 § 865.17) reads as follows:

"After the adoption of such zoning regulations * * * by the Board of County Commissioners, no building or other structure within the area authorized by this Act to be zoned shall be erected * * * without a permit issued by the County Engineer. * * *"

There was no evidence in the present case tending to show that plaintiff had a permit like the one prescribed by the quoted law. And we think the hereinbefore quoted printing on the permit he obtained from the

County Planning Commission, as well as the law in effect at the time he acquired his lot, plainly shows that, to have been authorized, when this so-called "permit" was issued, any building he wanted to construct must conform to the County's zoning regulations. While the law's section 11 (Tit. 19 O.S.1961 § 865.11) provides that the County Commissioners' zoning power " * * * shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted except as hereinafter provided, * * *", plaintiff does not contend, nor has he proved, that this provision applies to the property involved herein.

We have consistently recognized the principle that injunctive relief, being one of the extraordinary remedies, can only be obtained on proof of a clear legal right thereto. See Bekins v. City of Tulsa, Okl., 299 P.2d 792, 794, citing Jones v. Bayless, 208 Okl. 270, 276, 255 P.2d 506, 513. As in view of the foregoing, it is our opinion that plaintiff failed to establish such right in the present case, the trial court did not err in refusing him such relief by the judgment appealed from. Said judgment is therefore affirmed.