## No. 26397

### City of Greeley, Colorado v. John Ells, Jr.
(527 P.2d 538)

Decided October 21, 1974. Rehearing denied November 11, 1974.

William E. Shade, for plaintiff-appellee.

John Ells, Jr., pro se.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This case involves the applicability of the Zoning Code of Greeley, a home rule city, to certain property owned by John Ells, Jr., on which he claims the right to maintain a mobile home park and carry on a salvage or junk yard operation. The constitutionality of the Greeley Zoning Code is also challenged. Ells was the defendant below and appellant here. The

City of Greeley was the plaintiff below and is the appellee here. The parties will be referred to as City and defendant.

The City filed its petition to enjoin the defendant from using his property in violation of the use provisions of the City Zoning Code. A preliminary injunction was issued. After a hearing on the merits, the court entered a decree granting a permanent injunction enjoining the defendant from extending or enlarging certain uses not in conformity with the zoning code beyond the nonconformities which existed as of a date prior to which the subject property was annexed to the City. We affirm.

The City conceded and the court recognized that the defendant had had six spaces for trailer houses or mobile homes prior to county zoning and that he had used other limited areas of the subject property as a junk or salvage yard prior to zoning, and consequently, was entitled, after annexation, to continue those uses as nonconforming uses under the terms of the City Zoning Code. The defendant, however, contended that he was entitled to extend or enlarge the nonconforming uses and that the denial of that right was arbitrary, unreasonable, and confiscatory.

The court made comprehensive and detailed findings of fact relating to every issue raised by the parties. Its findings disclose the following factual background on which it based its decree.

From its acquisition by the defendant in 1960 until 1964, the subject property was outside the City limits and was not within the zoned area of Weld County. On August 19, 1964, Weld County adopted a resolution placing the subject property in the "I" Industrial District. The "I" Industrial District did not provide for the use by right of mobile homes except, as an accessory use, one mobile home was permitted per lot to house an employee on the property for purposes of protection or control of the principal use of the lot.

On April 4, 1972, unincorporated territory, including the defendant's property, was annexed to the City. The annexation ordinance became effective April 15, 1972. On July 11, 1972, the City Council zoned the subject property as M-1

(Medium Manufacturing District). Because of certain defects in the annexation ordinance, it was necessary to subsequently validate it. This was done by appropriate action. *Sanborn v. Boulder,* 74 Colo. 358, 221 P. 1077 (1923). The City Zoning Code does not permit as a use of right either mobile homes or salvage yards or junk yards in an M-1 district.

An aerial photograph, taken late in 1962 or early 1963, shows only two mobile homes on the property. In 1965, during the period the property was subject to county zoning, the Board of County Commissioners recognized the prior use of six trailer spaces by the Defendant as a nonconforming use. At various times the defendant applied for additional spaces, but his applications were consistently denied by the Board.

As evidenced by another aerial photograph, the defendant maintained the trailer park operation at the level of not more than six mobile homes, until at least 1969. This exhibit shows only four mobile homes on the property, plus two structures identified as cabins which, it appears, had been moved in on timbers. Expansion of defendant's trailer court occurred sometime subsequent to the 1969 photograph and was in violation of the county zoning resolution.

The defendant, prior to county zoning, "commenced a business which in its various permutations has been referred to as a junk yard, salvage business, or recycling operation." It was a continuous business, but limited in area to ascertainable portions of the property, both as of the time of the passage of the county zoning resolution and the adoption of the City Zoning Code.

There are basically six issues raised by the defendant which may be summarized as follows:

1. The court erred in placing the burden of proof on the defendant to prove that the Greeley Zoning Code was being unconstitutionally applied to him.

2. The enforcement of the City Zoning Code limiting the extent of defendant's nonconforming uses is an invalid exercise of the City's police power.

3. The City Zoning Code, as applied, is unconstitutional. The defendant was denied the equal protection of the law,

because nearby property was zoned to permit mobile home use as of right.

4. The proscribing of uses of land which predated the zoning ordinance amounts to the retrospective application of the law and is unconstitutional.

5. The issuance by the state of an annual trailer park license beginning prior to county zoning and the subsequent surveying and staking out of 150 mobile home spaces creates a vested right which cannot be revoked by the retrospective application of a zoning law. Such an application of the law is unconstitutional as a denial of due process under the Fourteenth Amendment to the Constitution of the United States.

6. The issuance by the City, after annexation, of a trailer park license for 56 units estops the City from denying the defendant the right to maintain 56 spaces.

I.

The defendant contends that the court erroneously placed the burden of proof on him to prove the unconstitutionality of the Greeley Zoning Code. The defendant argues against well established principles. He maintains that the burden is on the City to establish the validity of its codes.

We are here dealing with two zoning acts: (1) the Weld County Zoning Resolution, and (2) the Zoning Code of Greeley. C.R.S. 1963, 106-2-1 is a delegation of authority by the state to the boards of county commissioners of the respective counties to zone unincorporated areas of the state. The statutes permit the counties to develop a comprehensive zoning scheme to promote the orderly physical development of the county. Weld County adopted such an ordinance. The defendant did not attempt to show any failure on the part of Weld County to comply with the terms of the delegation of authority. We, therefore, proceed on the assumption that the county zoning resolution is constitutional. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Huneke v. Glaspy,* 155 Colo. 593, 396 P.2d 453 (1964); *Baum v. City and County of Denver,* 147 Colo. 104, 363 P.2d 688 (1961).

Greeley is a home rule city and possesses every power

358

possessed by the legislature as to all matters of local concern. Zoning is a matter of local concern. *Service Oil Co. v. Rhodus,* 179 Colo. 335, 500 P.2d 807 (1972).

▆▆▆ The Greeley City Zoning Code is a legislative enactment which is presumed to be valid unless it is shown that the City Council exceeded its powers or has acted in an arbitrary or unreasonable manner. *Huneke v. Glaspy, supra; Marker v. City of Colorado Springs,* 138 Colo. 485, 336 P.2d 305 (1959); *Nelson v. Farr,* 143 Colo. 423, 354 P.2d 163 (1960); Kurtz, *Recent Developments in Zoning in Colorado,* 39 Dicta 211 (1962). This presumption imposes upon the litigant challenging the ordinance's validity the burden of proving that the ordinance is unconstitutional by "clear and convincing" evidence. *Roeder v. Miller,* 159 Colo. 436, 412 P.2d 219 (1966); *Littleton v. Quelland,* 153 Colo. 515, 387 P.2d 29 (1963); *Denver v. American Oil Co.,* 150 Colo. 341, 374 P.2d 357 (1962).

The trial court found that the defendant had not met this test. In fact, the defendant, contrary to the well established law, refused to assume the burden. He must fail on this point.

II.

▆▆▆ The defendant contends that the enforcement of the City Zoning Code in such a manner as to limit the expansion or enlargement of his nonconforming use constitutes an invalid exercise of the City's police power. The court limited the defendant's nonconforming uses to the extent recognized by the county commissioners while the property was subject to county zoning. The county zoning resolution provided that "a non-conforming use shall not be extended." (Section VII, 7.5). The City had a provision of similar import (Sec. 23.41). Inasmuch as the uses in issue here were nonconforming under both jurisdictions, they were properly limited in the manner ordered by the court. *Service Oil Co. v. Rhodus, supra.* The court found that

"no evidence of the improper application of the ordinance to the Defendant was introduced . . . . The Greeley Zoning Code may validly be applied to Defendant's property."

In *Wasinger v. Miller,* 154 Colo. 61, 388 P.2d 250 (1964), relied upon by the trial court, we held, *inter alia,* that where

the record is replete with evidence of defendant's expansion of both the area and quantity of use, in violation of the zoning resolution, an injunction prohibiting such expanded use was neither arbitrary nor capricious. In *Wasinger* we noted:

"It has long been acknowledged that a zoning resolution may legally restrict the right to extend or enlarge a non-conforming use. (Citations omitted.) In fact, non-conforming uses represent conditions which should be reduced to conformity as speedily as is compatible with justice. Also, the stopping of an expansion of a non-conforming use is not an arbitrary or unreasonable exercise of governmental power. *Colati v. Jirout,* 186 Md. 652, 47 A.(2d) 613 (1946); 101 C.J.S. Zoning § 79."

It thus appears that the City acted pursuant to law.

### III.

Defendant established that the City had zoned a nearby area to permit mobile home occupancy as a use of right. On the basis of this fact, the defendant contends that in zoning his property M-1, he was denied the equal protection of the law, contrary to the Fourteenth Amendment (U.S. Const. XIV, Sec. 1 Amend.).

 Zoning is a legislative act representing a legislative judgment as to how the land within the City should be utilized and where the lines of demarcation between the several use zones should be drawn. *Nopro Co. v. Town of Cherry Hills Village,* 180 Colo. 217, 504 P.2d 344; *Orth v. Bd. of County Comm.,* 158 P.2d 540, 408 P.2d 974 (1965). Such a determination cannot be disturbed by the courts unless it appears that the legislative body has exceeded its powers or has acted arbitrarily or unreasonably. *Nelson v. Farr, supra; Marker v. City of Colorado Springs,* 138 Colo. 485, 336 P.2d 305 (1959). The trial court concluded that the defendant did not sustain his burden of proof. We agree. The mere assertion that the challenged zoning is arbitrary and discriminatory is not a substitute for proof of the allegation.

### IV. and V.

 The defendant contends that he should be allowed to extend or enlarge a nonconforming use; that

limiting uses as they existed at the time of the initial zoning amounts to the retrospective application of the law and is, therefore, unconstitutional.

Coupled with this argument is the contention that since the defendant has had a mobile home and campground license from the state of Colorado since 1961, approximately four years prior to county zoning and eleven years prior to the institution of this litigation by the City, the enforcement of the City Zoning Ordinance has the effect of depriving him of a vested property right. The defendant also had a license from the City for 56 spaces.

The trial court held, in effect, that defendant's rights were to be determined by the actual use made of his property prior to zoning, rather than by any state or city licenses which he may have obtained. The court stated:

". . . The City may properly limit its recognition to non-conforming uses which were lawful at the time zoning became effective. 2 *Yokley, Zoning Law and Practice* 212 (3rd Ed. 1965). *See Service Oil Co. v. Rhodus,* Colo. 500 Pas. 2d 807, 813 (1972)."

There is no retrospective application of the law under the circumstances here. The zoning law was applied as of the date of its passage. The uses which predated its enactment were permitted to continue.

## VI.

The defendant contends that the City, having issued a trailer park license for 56 spaces after annexation cannot by virtue of the zoning code deny him the right to use and maintain 56 spaces. The trial court found that the assistant city clerk who issued the license had no authority to do so, and that defendant acquired no rights under the license. We agree.

A nonconforming use cannot be expanded by the issuance of a license or permit or by an order from any city agency unless the agency is given specific authority to countermand or override the terms of the zoning ordinance by the charter or within the provisions of the zoning ordinance. *See Jensen's, Inc. v. Town of Plainville,* 146 Conn.

311, 150 A.2d 297 (1959); *Rockleigh v. Astral Industries, Inc.*, 29 N.J. Super. 154, 102 A.2d 84 (1953); *Brown v. Midwest City*, 380 P.2d 92 (Okl. 1963); *R. Anderson, 1 American Law of Zoning* 334 (1968).

The trial court further found that the defendant did not rely on the permit to his detriment; consequently, the City was not estopped from holding the defendant to the strict terms of the zoning code. We agree.

## VII.

There are a number of other arguments appearing in the defendant's brief. By and large, these arguments rest on unproven or inaccurately represented facts. Our review of the record discloses competent evidence to support all of the findings of fact made by the court. Therefore, we need not meet the legal issues presented by these assertions.

In summary, it appears that the court, in its decree, recognized the nonconforming uses of defendant's property which predated zoning by the county and the city. Any subsequent action taken in an effort to enlarge those uses was of no effect since such action was contrary to law.

The judgment of the trial court is affirmed.