## No. 79SA44

### City of Commerce City, Colorado, a Body Politic v. Gary L. Cooper

(609 P.2d 106)

Decided December 3, 1979.                    Rehearing denied December 24, 1979.

554

Gehler & Cohen, Ronald Cohen, for plaintiff-appellee.

Gary L. Cooper, Pro se.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Appellant, Gary L. Cooper, has appealed from two adverse judgments in Civil Actions. No. 29962 and No. 30696 in the District Court of Adams County, which have been consolidated for review. We affirm.

Both actions involve the same real property located in Commerce City, owned by appellant and used by him in violation of the zoning and building ordinances of the City.

In Civil Action No. 29962, appellant was permanently enjoined from conducting a business on his property in violation of zoning ordinance No. 366 of the City of Commerce City. Appellant's property is zoned R-2 Residential and a business use is prohibited in that zone in the absence of a zoning variance. Appellant at one time had a zoning variance, which

expired and which the City refused to renew.

In Civil Action No. 30696, appellant was permanently enjoined from constructing a building on his premises unless and until he obtained a building permit to do so. Appellant refused to obtain a building permit as required by the Uniform Building Code which had been adopted and was in force and effect in the City.

## I.

Concerning the first action involving the zoning violation, the court found, as the evidence showed and the appellant admitted, that his property was zoned R-2 and that he was operating a business in violation of the zoning ordinance. Appellant challenges the zoning ordinance as an unconstitutional deprivation of property without due process of law. He bases his contention on evidence of a map showing the location of various other businesses in areas near his property, but not adjacent to it, and upon the further fact that he had had a variance from 1972 to 1974 permitting him to conduct a business on the property. The variance was not renewed, and application for renewal was specifically denied by the City Board of Adjustment.

It is well-established that the enactment of a zoning ordinance is a legislative matter in pursuance of the police power, which will not be declared invalid by the courts unless it is shown that the city council has exceeded its powers or has acted in an arbitrary or unreasonable manner. *Greeley v. Ells, Jr.,* 186 Colo. 352, 527 P.2d 538 (1974). Such ordinances are presumed to be valid and the presumption imposes upon the litigant challenging the ordinance's validity the burden of proving that the ordinance is unconstitutional by clear and convincing evidence. *Greeley v. Ells, Jr., supra.* Thus, the appellant has the burden of proving that the zoning ". . . bears no substantial relation to public health, safety, morals or welfare, or that it precludes the use of the affected property for any reasonable purpose . . . ." *Hopkins v. County Comm.,* 193 Colo. 230, 564 P.2d 415 (1977).

The allegations of unconstitutionality made by appellant were unsupported by any evidence and appellant totally failed to sustain his burden of showing the zoning ordinance was therefore invalid.

## II.

In the second action, No. 30696, the district court enjoined appellant from further work on a structure he was erecting on his property without a building permit. Cooper testified that he could not afford the permit fee of $32 at the time he began construction, but he proceeded anyway. Under the Uniform Building Code, a double fee is chargeable for a building permit when one has commenced construction without first having obtained a building permit. When told he would have to pay this double fee in the amount of $64, appellant refused, asserting that it was a bill of attainder and thus was unconstitutional.

It is clear that municipalities have the authority to impose reasonable fees for building permits in consideration of the costs of services to be rendered in the examination of construction plans and specifications, and to determine that they conform to building code regulations. *See generally E. McQuillen, The Law of Municipal Corporations* (3rd Ed. 1978 Rev. Ed.), § 26.201. Commerce City asserts that the rationale for the double fee is to compensate the City for the extra work and services required as a result of commencement of construction without having first obtained a permit. We do not find this imposition as arbitrary or unrelated to the purposes for which a building permit fee is exacted. Appellant presented no evidence to refute this rationale. When reasonably related to the purpose of the fee, imposition of a double fee is within the police power of the municipality. *See People v. Texas Co.,* 85 Colo. 289, 275 P. 896 (1929). In our view, such a fee is not considered "punishment" so as to constitute a bill of attainder under art. I, § 10, of the United States Constitution.

Accordingly, the judgment of the trial court is affirmed in both cases.