Stephan R. LEVY and James D. Nelson, Petitioners-Appellants,

v.

The BOARD OF ADJUSTMENT AND APPEALS OF the CITY OF CHERRY HILLS VILLAGE; Judson Manning; Bea Taplan; William Cooper; William Muchow; and Fred Fellingham, Individually, and as Members of the Board of Adjustment and Appeals of the City of Cherry Hills Village; and the City of Cherry Hills Village, Respondents-Appellees.

No. 85CA0530.

Colorado Court of Appeals, Div. II.

Dec. 18, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Levy) April 13, 1987.

Goldstein & Armour, P.C., Gilbert Goldstein, Darrel L. Campbell, Denver, for petitioners-appellants.

Morris & Lower, Robert L. Morris, P. Kathleen Lower, Denver, for respondents-appellees.

STERNBERG, Judge.

This is an appeal from a judgment of the district court which affirmed the action of the respondent Board of Adjustment in denying petitioners' request for a zoning variance or a declaration that their lot was entitled to nonconforming status. We affirm.

The property that is the subject of this litigation is the east one-half of a two and one-half acre tract. It was originally located in unincorporated Arapahoe County where it was zoned to permit a single family residence with a minimum lot size of two and one-half acres. In 1957, the county zoning resolution was amended to place the subject property in a zoning district which had a minimum lot area of one acre. However, property owners in the area contested that rezoning, and on April 28, 1958, the district court upheld the rezoning, but the protesters to the rezoning appealed and, in August, filed a *lis pendens* giving notice of the pendency of zoning litigation. In June 1958, the west one-half of the tract was sold to parties not involved in this litigation and in September, after the filing of the *lis pendens*, the east half of the tract was sold to predecessors in title to petitioners.

In *Holly Development, Inc. v. Board of County Commissioners*, 140 Colo. 95, 342 P.2d 1032 (1959), the Colorado Supreme Court reversed the judgment of the district court. It held the attempted rezoning to be invalid and, pursuant to that decision, the Board of County Commissioners vacated its rezoning order. Thereafter, the subject property was conveyed to Gertrude Levy, the mother of petitioner Stephan R. Levy.

In 1960, the Board of County Commissioners granted a lot size variance to the purchasers of the west half of the tract, reasoning that the property had been purchased prior to the time that the *lis pendens* was filed, thus bringing the owners of that property within the hardship clause of the zoning resolution. However, in 1961, the Board denied Gertrude Levy's request for a variance because both she and her predecessor in title took title after the *lis pendens* had been filed. She filed suit contesting that denial, the district court dismissed, and in 1962 the Colorado Supreme Court upheld the district court's dismissal of the suit. *Levy v. Board of Adjustment*, 149 Colo. 493, 369 P.2d 991 (1962).

In 1967, the area in which the subject property is located was annexed by Cherry Hills Village. Under the municipal zoning ordinance, the property was placed in a zoning district also requiring a minimum lot area requirement of two and one-half acres for single family homes. In 1976, Gertrude Levy conveyed the property to petitioner Stephan R. Levy, who, in 1982, contracted to sell it to petitioner James D. Nelson, contingent upon Nelson obtaining a building permit to allow erection of a single family dwelling on the property.

Application was made to the city's Board of Adjustment requesting a variance or a finding of nonconformance authorizing the erection of a single family residence on this lot. The petitioners presented plans for a single family dwelling which in all respects complied with zoning and building code specifications, except as to the minimum lot size of two and one-half acres. The Board denied the application, and on review under C.R.C.P. 106(a)(4), the district court affirmed that denial.

We address first the portion of the application requesting that the Board find the subject property to be a nonconforming use which preexisted application of the Cherry Hills Village zoning ordinance so that the owner was entitled to issuance of a building permit. Cherry Hills Village Zoning Regulations § 6–14–1 provides that any use of land which does not meet the requirements of the ordinance shall be deemed lawful if the use was "legally established and maintained at the adoption of [the ordinance]...."

Contrary to the situation that existed with respect to the west half of the tract, the subject property was conveyed to the petitioners predecessors in interest *after* a notice of *lis pendens* was filed. The subject lot was not a legally nonconforming lot under the Arapahoe County Zoning Resolution prior to annexation and the nonconformance cannot be considered to have been "legally established and maintained" at the time of enactment of the Cherry Hills Village zoning ordinance. Therefore, it is not entitled to nonconforming lot status under the Village's ordinance. *See Board of County Commissioners v. Echternacht*, 194 Colo. 311, 572 P.2d 143 (1977). *See also City of Greeley v. Ells*, 186 Colo. 352, 527 P.2d 538 (1974).

The petitioners alternatively sought a variance from the terms of the zoning ordinance. Here, too, provisions of the zoning ordinance militate against granting the relief sought. Cherry Hills Village Zoning Regulations §§ 6–3–2:C(1)(a) and (c) provide that a variance shall not be granted unless it is demonstrated that "practical difficulties or unnecessary hardship exist" and that such "special conditions and circumstances do not result from the action of the applicant."

In *Levy v. Board of Adjustment, supra,* the Colorado Supreme Court held that Gertrude Levy was not entitled to a variance from the terms of the Arapahoe County Zoning Resolution because of the determination of the Board of Adjustment that the hardship involved was "self-inflicted." By taking title to the property after a *lis pendens* had been filed indicating the pendency of litigation relating to the zoning of the lot, Mrs. Levy acted at her peril, and any hardship could not serve as the basis for granting a variance. Consequently, here, petitioner Stephan R. Levy took title to the property at a time when the two and one-half acre minimum lot size was in existence, and thus, any practical difficulties or unnecessary hardship to him resulted from his own actions.

The petitioners' final contention—that there has been an unconstitutional taking of his property because of denial of the variance or nonconforming lot status—is without merit. In *Levy v. Board of Adjustment, supra,* essentially the same fact situation was presented, and the identical argument was made and rejected by the supreme court. There has been no showing of any change of legal significance regarding this property since the earlier *Levy* decision that would permit a different decision on the unconstitutional taking issue.

The judgment is affirmed.

SMITH and KELLY, JJ., concur.