[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. NATURE OF THE PROCEEDINGS
This is an appeal from the decision of the defendant, Durham Planning and Zoning Commission ("the Commission"), granting to the named defendant, Joseph Soffer, an application to subdivide property located on Map #112 at Parcel #16 in Durham, Connecticut. The plaintiff, Molly Nolan, owns property across the street from the subject property.
 II. FACTS
In 1992, the Commission granted Soffer a permit to remove gravel from the subject property. (Return of Record [ROR], Item 25.) In 1996, the Commission approved a revised grading plan that outlined how the gravel pits would be closed. (ROR, Item 8, pp. 7, 8; Item 32, pp. 59, 100.) Soffer filed an application on February 20, 1997 seeking permission to subdivide his property into five lots. (ROR, Item 1.) The Commission discussed the Soffer application on March 5, 1997 and scheduled a site walk for March 15. (ROR, Item 4.) Following the site walk, the Commission met and discussed the Soffer application at two subsequent meetings. (ROR, Items, 5-6.) The Middletown Press published notice on May 10 and May 16 that a public hearing on the Soffer application would be held on May 21, 1997. (ROR, Item 2.) The Commission began the public hearing on May 21, 1997, and the hearing continued through two more meetings on June 4 and June 18. (ROR, Items 7-9, 32.) At the hearing, the plaintiff and others expressed several concerns about the proposed subdivision. (ROR, Items 7-9, 32.) The Commission discussed issues raised during the public hearing on July 2, 1997 and agreed to have the town planner draft a motion with a list of conditions for the granting of the application. (ROR, Item 10.) On July 16, 1997, the Commission granted conditional approval of the Soffer CT Page 3855 application. (ROR, Item 11.)
Legal notice of the Commission's decision was published inThe Middletown Press on July 23, 1997. (ROR, Item 3.) The plaintiff commenced her appeal by service of process on August 6, 1997. (Sheriff's Return of Service.) The plaintiff alleges, inter alia, that the Commission "acted illegally, arbitrarily and in abuse of the discretion vested in it" because it lacked the authority or jurisdiction to grant Soffer's application, it failed to comply with Durham's subdivision regulations, and it lacked authority to grant conditional approval. (Appeal, ¶ 6 9.)
 III. DISCUSSION
A. Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial courts jurisdiction over the subject matter of a plaintiff's appeal." Jolly. Inc. v. Zoning Board of Appeals,237 Conn. 184, 676 A.2d 831 (1996). General Statutes § 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." According to General Statutes § 8-8 (a)(1), "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board" is considered aggrieved. "The plaintiff can demonstrate statutory aggrievement pursuant to 8-8 (a)(1) if she can demonstrate that her property abuts or is within [one hundred] feet" of the subject property.McNally v. Zoning Commission, supra, 225 Conn. 1, 6, 621 A.2d 279
(1993)
The plaintiff alleges that she is "statutorily aggrieved by the decision of the defendant [commission] pursuant to Connecticut General Statutes [§] 8-8 (a)(1) because she owns land within one hundred (100) feet of the subject property which is the subject of the defendant Joseph Soffer's subdivision application." (Plaintiff's Appeal, ¶ 8.) The plaintiff established at trial that she owns property at 67 Coe Road, which Brian Ameche transferred to himself and the plaintiff in fee simple on July 30, 1997. (Plaintiff's Exhibit A.) The Ameche property, now the Ameche and Nolan property, is across the street from the Soffer property, as a 1992 map prepared by Soffer demonstrates. (ROR, Item 38, p. 3; Plaintiff's Exhibit A.) The plaintiff was record owner of the property at the time she commenced her appeal, and is therefore CT Page 3856 statutorily aggrieved. See Foran v. Zoning Board of Appeals,158 Conn. 331, 336, 154 A.2d 520 (1959); R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 32.5, p. 535 ("Aggrievement is based on the appellants status at the time of the appeal . . .")
B. Timeliness and Service of Process
General Statutes § 8-8 (b) provides that an appeal "shall be commenced by service of process [on the chairman or clerk of the board and on the clerk of the municipality] within fifteen days from the date that notice of the decision was published as required by the general statutes." See General Statutes §§ 8-8
(b), (e), and (f).
The Commission published notice of its decision in TheMiddletown Press on July 23, 1997. (ROR, Item 3.) On August 6, 1997, the plaintiff commenced her appeal by service of process on the defendant Soffer, Town Clerk Laura Francis, and the Commission's chairman, Lewis Hinman. (Sheriff's Return.)
The court therefore finds that the plaintiff timely commenced her appeal. Because the court has determined that the plaintiff is aggrieved and properly served process on the defendants, the court has jurisdiction over this appeal.
C. Standard and Scope of Review
A trial court "review [s] the decision of a zoning board of appeals to determine if the board acted arbitrarily, illegally or unreasonably." Wnuk v. Zoning Board of Appeals, 225 Conn. 691,695-96, 626 A.2d 698 (1993). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiff's." (Internal quotation marks omitted.) Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 206, 658 A.2d 559 (1993)
D. Soffer's 1997 Subdivision Application
"Subdivision means the division of a tract or parcel of land into three (3) or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development expressly excluding development for municipal, conservation or agricultural purposes, and includes resubdivision." (Subdivision Regulations § 02.19.05 [ROR, CT Page 3857 Item 34].)
1. Authority to Consider the 1997 Subdivision Application
The plaintiff alleges that the Commission "acted illegally, arbitrarily and in abuse of the discretion vested in it" because "the defendant Joseph Soffer was illegally continuing the excavation and removal operation when his permit had already expired." (Appeal, ¶ 9(b).) The plaintiff argues that "Connecticut Statutes [§] 8-26 prohibits two applications concerning the same parcel . . . ." (Plaintiff's Brief, p. 13.) The plaintiff argues that "it was an abuse of discretion for the board not to resolve the pending sand and gravel issues prior to acting upon Soffer's subdivision application." (Plaintiff's Brief, p. 15.)
General Statutes § 8-26 provides, in pertinent part, that [n]o planning commission shall be required to consider an application for approval of a subdivision plan while another application for subdivision of substantially the same parcel is pending before the commission." (Emphasis added.)
The plaintiff's argument that the statute prohibits the Commission's consideration of the second application is fundamentally flawed because the statute states only that the Commission is not required to consider such an application. In addition, the earlier application was not pending before the Commission at the time of the 1997 subdivision application. The Commission granted the permit application for the removal of gravel in 1992 and approved a closure plan in 1996. Furthermore, the earlier application was not "another application for subdivision." General Statutes § 8-26.
This court finds that the Commission acted within its authority when it considered Soffer's 1997 subdivision application.
2. Jurisdiction over the Subdivision Application
The plaintiff alleges that Soffer "failed to comply with the fourteen (14) conditions of the . . . 1992 excavation and removal permit . . . ." (Appeal, ¶ 7.) The plaintiff argues that unless the Commission addressed Soffer's alleged violation of the conditions of the 1992 excavation permit, "the Durham Planning 
Zoning Commission had no authority to proceed on Soffer's CT Page 3858 subdivision application." (Plaintiff's Brief, p. 15.)
The Commission argues that no case law supports the plaintiff's contention that the Commission lacked jurisdiction. (Commission's Brief, p. 10.)
The plaintiff has presented no applicable law to support her claim that a planning and zoning commission may not consider an application if the applicant has failed to meet all conditions of a previously granted application. The plaintiff cites Jensen's,Inc. v. Plainville, 146 Conn. 311, 150 A.2d 297 (1959), a case in which the plaintiff, whose special permit had expired, attacked a new zoning regulation that made his operation of a large trailer park a non-conforming use. The court upheld the regulation and concluded that the plaintiff must conform to the regulations requirements by reducing the number of trailers on the site. Id., 315-16. Jensen's did not involve an action by a third party to test the validity of a subsequent application. Furthermore, the court in Jensen's did not conclude, as the plaintiff herein argues in her brief, that "the plaintiff had no standing to challenge the validity of the Plainville zoning regulations." (Plaintiff's Brief, p. 18.) Standing was not raised as an issue in Jensen's. Thus, Jensen's does not support the plaintiff's conclusion that "[b]y analogy, Soffer had no standing to apply for additional land use approval while his sand and gravel operation was still open." (Plaintiff's Brief, p. 18.)
The plaintiff's brief on this issue relates back to her earlier argument that Soffer's alleged failure to comply with the 1992 permit and the 1996 closure plan prevented the Commission from legally deciding on the 1997 subdivision application. Her argument is not persuasive, however, because no law supports the proposition that a Commission lacks jurisdiction to approve a new use on a parcel of land that is allegedly nonconforming, especially where, as here, the approval of the plan is conditioned upon bringing the land into compliance with the permits provisions for closing the site. (See ROR, Item 11, p. 15.)
This court finds that the Commission properly exercised its jurisdiction in considering the subdivision application before it.
3. Compliance With Durham's Subdivision Regulations
CT Page 3859
The plaintiff alleges that "the subdivision application fails to comply with Section 3.05 in that the application has no name for the subdivision, shows no graphic scale nor adjoining property owners, nor are the two foot contours shown for Lots 2, 3, and 6 nor is the existing tree line or buffer shown." (Appeal, ¶ 9(i).) The plaintiff argues that the Commission lacked authority to grant the subdivision application because "it failed to comply with Durham Subdivision Regulations." (Plaintiff's Brief, p. 20.) Specifically, the plaintiff argues that because the maps of lots 2, 3, and 6 did not contain topographic contours, the Commission illegally approved an application that did not comply with Durham's regulations. (See Durham Subdivision Regulations § 03.05 [ROR, Item 34].)
The record demonstrates that the materials Soffer already submitted satisfy a number of the Durham Regulations that the plaintiff raises in her appeal. The submitted plans name the owners of the only abutting property that is not separated by Coe Road. (ROR, Items 36, 37.) In addition, the application itself records the proposed name of the subdivision: "Property of Joseph Jacob Soffer." (ROR, Item 1.) The maps are clearly marked with that subdivision name. (ROR, Items 36, 37.) As for the contour lines and tree line, the Commission expressly conditioned approval upon Soffer's production of complete maps that would include these features. (ROR, Item 11, p. 15.)
The record reflects that the Commission conditioned its grant of Soffer's application upon proper mapping of the entire site. Therefore, the Commission's action complies with the subdivision regulation requiring a proposed name for the subdivision, identification of abutting property owners, and the delineation of contour and tree lines.
4. The Commission's Authority to Grant Conditional Approval
The plaintiff alleges that "Durham zoning regulations do not provide for conditional approval of the subject subdivision application, as the current action has not been taken in the context of bonding options set forth in Section 5.10.01.02." (Appeal, ¶ 9(j).) The plaintiff argues that "there is no statutory authority for the P Z's conditional approval of Soffer's subdivision application." (Plaintiff's Brief, p. 20.)
The Commission argues that General Statutes § 8-25
authorizes Durham Zoning Regulations § 05.10.01.02, providing CT Page 3860 for conditional approvals. (Commission's Brief, pp. 17-18.) Section 8-25 provides that "regulations may provide that in lieu of either the completion of the work or the furnishing of a bond [for commission-prescribed grading or improvement of streets, or for commission-prescribed provision of public utilities and services], the commission may authorize the filing of a plan with a conditional approval endorsed thereon." Durham has adopted a provision allowing conditional approval in broader circumstances, however: "In lieu of the completion of the work and improvements shown on the site development plan or the furnishing of a performance bond as required in these Regulations . . . the Commission may authorize the filing of a plan with conditional approval endorsed thereon." (See Zoning Regulations § 05.10.01.02 [ROR, Item 34].)
General Statutes § 8-26 provides that "[t]he commission shall approve, modify and approve or disapprove any subdivision or resubdivision application . . . ." Thus, if a conditional approval amounts to a modification and approval, then the Commission's action is permissible and this court need not decide whether the Commission's subdivision regulation § 05.10.01.02 oversteps the mandate of General Statutes § 8-25. SeeMoscowitz v. Planning Zoning Commission, 16 Conn. App. 303,310, 547 A.2d 569 (1988).
In Carpenter v. Planning Zoning Commission, 176 Conn. 581,409 A.2d 1029 (1979), upon which the plaintiff relies heavily, the court held that "an `approval' subject to a condition, the fulfillment of which is not within the control of the applicant, or in which an approval by a coordinate agency is not shown to be a reasonable probability, is not an approval within § 8-26 of the General Statutes, and such an approval is thus a failure to act within the meaning of that statute." Id., 597. Here, however, the Commission imposed conditions that are within the control of the applicant. (See ROR, Item 11, p. 15.) Where the applicant is in control of whether the final plan will be approved, and where the conditions "could be fulfilled by the [applicant] within a reasonable time," a commission may make its approval conditional. Timber Trails Corp. v. Planning Zoning Commission,222 Conn. 380, 391-93, 610 A.2d 620 (1992). In such situations, the so-called "conditional approval" amounts to a modification and approval that is permitted under General Statutes § 8-26. See Crescent Development Corp. v. Planning Commission,148 Conn. 145, 147-48, 168 A.2d 547 (1961); Carlson v. Fisher,18 Conn. App. 488, 496-97, 558 A.2d 1029 (1989); see also Timber TrailsCT Page 3861Corp. v. Planning Zoning Commission, supra, 222 Conn. 391-93. As recent appellate authority states, "[a] commission may, at its discretion, choose between disapproval., or approval with conditions." Krawski v. Planning Zoning Commission,21 Conn. App. 667, 673, 575 A.2d 1036, cert. denied, 215 Conn. 814,576 A.2d 543 (1990).
The court finds that the Commission acted in accord with its statutory delegation under General Statutes § 8-26 when it granted conditional approval of the subdivision application.
5. All Other Stated Grounds
"We are not required to review issues that have been improperly presented to this court through an inadequate brief."Connecticut National Bank v. Giacomi, 242 Conn. 17, 44-45,699 A.2d 101 (1997). "The failure to brief an issue adequately constitutes abandonment of that issue." Harris v. CorrectionCommissioner, 40 Conn. App. 250, 261, 671 A.2d 359 (1996). All other grounds alleged in the plaintiff's appeal have not been briefed and are, therefore, deemed abandoned.
 IV. CONCLUSION
This court concludes that the Commission did not act illegally, arbitrarily, or in abuse of its discretion in granting Soffer's application for subdivision.
Accordingly, the plaintiff's appeal is hereby dismissed.
It is so ordered.
BY THE COURT:
ARENA, J.