594 P.2d 596 (1979)
Ned F. MURRAY, Ardis Ann Murray, Harvey W. Coleman, Marcella Coleman, Nancy M. Jenkins and Joseph P. Jenkins, Plaintiffs-Appellants,
v.
BOARD OF ADJUSTMENT, LARIMER COUNTY, Colorado, Lee Baker, and Mrs. Lee "Sandy" Baker, Defendants-Appellees.
No. 77-826.
Colorado Court of Appeals, Div. I.
January 25, 1979.
Rehearing Denied February 22, 1979.
Certiorari Denied May 7, 1979.
*597 Joseph P. Jenkins, P. C., Estes Park, for plaintiffs-appellants.
Harden, Napheys, Schmidt & Hass, P. C., George H. Hass, Fort Collins, for defendants-appellees.
STERNBERG, Judge.
The defendant Board of Adjustment granted a variance to the individually named defendants waiving set back requirements and permitting them to construct a second freestanding building on their lot. The plaintiffs, owners of adjacent properties, sought review of the Board's actions by a timely C.R.C.P. 106(a)(4) proceeding. The court denied them relief, and, on their appeal, we reverse and remand for further proceedings.
We are involved here with a request to the Board of Adjustment to exercise its variance powers as they exist under § 30-28-118(2)(c), C.R.S.1973, and the Larimer County Zoning Resolution § 26.1, subparagraph 3(c). Under the resolution the Board of Adjustment may grant a variance from strict application of "any regulation enacted under [the] resolution" so as to provide relief for "exceptional practical difficulties or exceptional and undue hardship" but such relief may not be granted if it causes "substantial detriment to the public good [or impairs] the intent of [the] zoning resolution."
The record of proceedings discloses that the applicants presently operate a filling station on the subject property. Their petition was for a waiver of set back requirements relating to a second building which they want to construct on the lot. The petition contains no mention of the use to be made of the building, but petitions in support of the application state that this second building is to be used as a "repair garage." Such use is not permitted in the "B" zone district in which this property is located, but rather requires the more intensive "C" zoning. Nor is it enumerated as a use by special exception. The Board made no findings regarding the garage use; instead it related its decision to the variance in set back requirements.
We do not find persuasive defendants' arguments that the proposed use of the property for which a variance is sought is beyond the scope of a variance hearing, and that if the property is used illegally the remedy is for the zoning authorities to stop the use in a separate enforcement proceeding. Not only would this proposal be duplicitous and cumbersome to administer, but also it could result in the zoning authority being estopped from prohibiting the illegal use. See, e. g., City & County of Denver v. Stackhouse, 135 Colo. 289, 310 P.2d 296 (1957).
Rezoning procedures entail detailed notice requirements and study by staff and the planning commission. Variances should not be used as a way to avoid the normal processes of amending zoning resolutions. See 3 R. Anderson, American Law of Zoning §§ 18.71 and 20.04 (2d ed. 1977); 8 E. McQuillin, Municipal Corporations §§ 25.162 and 25.171 (3d ed. 1976 rev.); and 2 E. Yokley, Zoning Law & Practice § 15-13 (3d ed. 1965). The hardship or practical difficulty upon which the need for *598 a variance is premised should not be self-created, Levy v. Board of Adjustment, 149 Colo. 493, 369 P.2d 991 (1962), and it must be of a type peculiar to this property owner and not shared by others. Anderson, supra § 18.32; Yokley, supra § 15.9.
An eloquent statement of a guiding principle in this area appears in Heady v. Zoning Board of Appeals, 139 Conn. 463, 94 A.2d 789 (1953):
"The power to grant a variance in the application of established zoning regulations should be exercised charily. . . The obvious reason is that unless great caution is used and variations are granted only in proper cases, the whole fabric of. . . zoning will be worn through in spots and raveled at the edges until its purpose in protecting property values and securing an orderly development of the community is completely thwarted."
We cannot determine from the record of proceedings before the Board of Adjustment if these principles have been followed. The record is deficient in that it contains no finding or conclusions relative to the repair garage use. There is no reference to any "exceptional practical difficulties or exceptional and undue hardship" requiring the grant of the variance for garage use, nor is there a finding with respect to whether the variance is a detriment to others, such as plaintiffs, or whether it impairs the intent of the zoning resolution.
While in proceedings before the Board strict rules of procedure and evidence need not be followed, Monte Vista Professional Bldg., Inc. v. City of Monte Vista, 35 Colo.App. 235, 531 P.2d 400 (1975), nevertheless, a record of proceedings before the Board must contain details of the evidence presented and proper grounds and reasons to support its decision. See Gaunt v. Board of Appeals, 327 Mass. 380, 99 N.E.2d 60 (1951). Absent such detail, there is no way a court can review the decision of the Board.
We reverse the judgment and remand the cause to the trial court with directions that it remand the matter to the Board of Adjustment for the purpose of holding a hew hearing, after notice. The Board shall require proof of the use to which the property is to be put, shall cause to be prepared a record of the evidence presented relating, inter alia, to the "exceptional practical difficulties or exceptional and undue hardship" involved, and its conclusions, all in sufficient detail to permit a reviewing court to determine if the legal requirements have been met.
COYTE, J., concurs.
RULAND, J., specially concurs.
RULAND, Judge, specially concurring:
I agree with the majority's holding that the record in this case is inadequate for appellate review. Thus, I would remand the cause for a new hearing.
I do not agree with the assumption made in the majority opinion that the Board may approve the use of defendants' new building as a garage in conjunction with the grant of a variance. To the contrary, the Board may approve a change in use for the property which is not permitted by the existing zoning classification only if defendants apply for a special exception as authorized by § 26.2, subsection (3) of the Larimer County Zoning Resolution. See also § 30-28-118(2)(b), C.R.S. 1973.
Insofar as pertinent here, Larimer County Zoning Resolution § 626.2, subsection (3), provides:
"Upon application for special exceptions relating to the use requirements of the various zoning districts contained in this resolution, the Board of Adjustment may, as it deems advisable, send written notice of such hearing by first class mail at least seven (7) days prior to the hearing date to owners adjacent to the property in question. . . . Any applicant requesting a special exception from the use requirements contained within this resolution shall submit with his application a list of all property owners of record adjacent to the property in question. Upon consideration of a special exception from the use requirements contained within the various districts of this resolution, the Board of Adjustment shall consider the following factors and make findings pertaining *599 to each one one is relevant to the request and may grant a special exception subject to safeguards and conditions consistent with such findings:
(a) Whether the request is consistent with the developing nature of the surrounding neighborhood.
(b) The affect the proposal may have on property values of adjacent property.
(c) Whether or not the request would impair the public health and safety by creating undesirable traffic congestion, undesirable sanitary conditions, or adverse environmental influences in the area, and what the economic impact would be on the community.
(d) Under no circumstances shall a requested special exception be granted to cure an existing zoning violation when the applicant has failed to exhaust other procedures available through the State statutes or County land use regulations to commence the use in question."
Hence, to the extent that the Board's action operated as an approval of a special use exception, I would find it invalid as not being effectuated in accordance with the above quoted provision of the county zoning resolution.