William F. HIGBY, Personal Representative of the Estate of W.D. Higby, John Minahan, Richard Haymond, Barbara Roeming, and Emory Hightower, Plaintiffs-Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF EL PASO; Tom Collier, Harvey Vieth, Arthur Herzberger, Terry Salt, Terry Harris, individually and in their official capacities as El Paso County Commissioners; Gary Construction, a California corporation; Tri-Lands Corporation, a Colorado corporation; and James Higby, Defendants-Appellees.

No. 82CA1299.

Colorado Court of Appeals, Div. II.

March 8, 1984.

Rehearing Denied April 5, 1984.

Certiorari Denied Oct. 9, 1984.

---

Cross, Gaddis, Kin & Quicksall, P.C., Thomas R. Cross, David L. Quicksall, Mary Hope, Colorado Springs, for plaintiffs-appellants.

Charles E. Berry, Colorado Springs, for defendant-appellee Board of County Com'rs of El Paso County.

Sparks, Dix, Enoch & Suthers, P.C., Kenneth Sparks, John W. Suthers, Colorado Springs, Alan N. Jensen, Pueblo, Philip J. Anderson, Colorado Springs, for defendants-appellees Gary Const., Tri-Lands Corp., and James Higby.

METZGER, Judge.

Plaintiff landowners seek to halt a major residential and industrial development proposal for northern El Paso County. They appeal a C.R.C.P. 106(a)(4) determination by the district court which upheld two rezoning applications submitted by defendant developers and approved by defendant Board of County Commissioners of El Paso County. We affirm.

In 1981 the developers submitted to the El Paso County Planning Commission three sketch plan applications for rezoning of three contiguous properties covering some 1,700 acres in the Palmer Lake area. The Planning Commission recommended approval of each request, and thus provoked considerable local controversy as to the scale and speed of development, particularly among several owners of land adjacent to the proposed development sites.

Thereafter, the El Paso Board of County Commissioners (Commissioners) conducted 14 hours of public hearings upon the rezoning request. The central issues at the hearing concerned the fiscal, economic, and environmental impact the developers' plans would have on the Palmer Lake area and on El Paso County, generally. Numerous citizens expressed their views, and extensive documentary and testimonial evidence was presented.

At the close of the hearing, the Commissioners approved all three applications: Resolution 82-44 rezoned 960 acres to R-1 from A-4 and A-5, Resolution 82-45 rezoned 580 acres to Planned Industrial District (P.I.D.) from A-4 and A-5, and Resolution 82-46 rezoned 160 acres to R-4 from C-2 and R.

Plaintiffs requested certiorari review of the Commissioners' action under C.R.C.P. 106(a)(4), declaratory relief under C.R.C.P. 57 and 42 U.S.C. § 1983, and an award of attorney's fees under 42 U.S.C. § 1988 for alleged violations of due process arising from the Commissioners' approval of the applications. After hearing, the district court dismissed plaintiffs' C.R.C.P. 57 declaratory relief claims, and reserved ruling on the 42 U.S.C. § 1983 and § 1988 claims

until the conclusion of the C.R.C.P. 106(a)(4) hearing.

After certiorari review pursuant to C.R. C.P. 106(a)(4), the district court upheld the first two rezonings, which cover over 90 per cent of the area in dispute, and reversed the Commissioners' approval of the R–4 rezoning, finding that the Commissioners had exceeded their jurisdiction and abused their discretion by waiving the filing of a preliminary plan required by the zoning ordinances at the time of the R–4 rezoning petition. As well, the district court dismissed the plaintiffs' claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1988, finding that all issues raised in those claims had been fully and adequately dealt within its C.R.C.P. 106 review.

Plaintiffs contend that the district court erred (1) in dismissing their claims for declaratory relief pursuant to 42 U.S.C. § 1983; (2) in dismissing their claim for attorney's fees pursuant to 42 U.S.C. § 1988; (3) in applying an incorrect standard and in refusing to allow presentation of evidence as to their 42 U.S.C. § 1983 claim that two applications were approved without compliance with the El Paso County Land Use Code; (4) in determining that the three zone change applications in question were not interrelated; and (5) in finding that there was competent evidence to support the Commissioners' approval of two of the three zone changes.

## I.

■ Plaintiffs' claims for declaratory relief under 42 U.S.C. § 1983 and for attorney's fees under 42 U.S.C. § 1988 are precluded by our Supreme Court's holding in *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975). Under *Snyder,* a C.R. C.P. 106(a)(4) proceeding is the exclusive remedy for challenging a zoning determination where the entire general zoning ordinance is not challenged and where review of the record would be an adequate remedy. Here, no such general attack on the zoning ordinance was made. Subsequent cases have affirmed this proposition. *See Corper v. City & County of Denver,* 191

Colo. 252, 552 P.2d 13 (1976); *Board of County Commissioners v. Carter,* 193 Colo. 225, 564 P.2d 421 (1977); *Westlund v. Carter,* 193 Colo. 129, 565 P.2d 920 (1977); and *Gold Run, Ltd. v. Board of County Commissioners,* 38 Colo.App. 44, 554 P.2d 317 (1976).

■ Plaintiffs sought only declaratory relief, not money damages, under 42 U.S.C. § 1983, and the trial court properly determined that they were not entitled to a jury trial, finding, in essence, that those claims were merged in the C.R.C.P. 106 claim. We agree. The issues raised by the plaintiffs in the C.R.C.P. 106 claim were fully briefed, argued, and determined, and thus, an adequate remedy was provided.

Nevertheless, plaintiffs contend that their civil rights were violated, pursuant to 42 U.S.C. § 1983, because the developer failed to submit a preliminary plan with its petition for R–4 zoning, in contravention of the due process requirements of the Constitution. However, the trial court ruled that the R–4 zoning procedure was improper and reversed the Commissioners' approval of that zoning change. Thus, plaintiffs' argument on this point is moot.

■ Plaintiffs allege as well a due process violation, pursuant to their 42 U.S.C. § 1983 claim, asserting that the R–1 and PID zone changes were approved without compliance with the El Paso County Land Use Code, and that they were denied the opportunity to present evidence on that issue. That Code provides that "as a general rule, zone changes should conform" to the Master Plan. The plaintiffs' contention is that the county did not amend the Master Plan before the Planning Commission recommended approval of the rezoning requests. However, a County Master Land Use Plan is merely advisory and is not binding upon the Board of County Commissioners. *Theobald v. Board of County Commissioners,* 644 P.2d 942 (Colo.1982). Since the 42 U.S.C. § 1983 claims were properly dismissed by the trial court, plaintiffs' claim for attorney's fees under 42 U.S.C. § 1988 is moot.

## II.

Plaintiffs contend the court erred when it affirmed the Commissioners' rezoning of two parcels and reversed the rezoning of the third parcel, arguing that the rezoning issues concerning the three parcels were interdependent. The trial court invalidated the R–4 zoning on the basis that the developers had failed to file the required preliminary plan as to that zoning change only, finding that such a requirement could not be waived by the Commissioners as requested by the developers in a letter of intent filed at the time of the applications. However, the trial court further found that the Commissioners considered each application separately, and "presumably would have resolved that the three rezonings were each dependent upon the others if that is what they had meant to do. They did not." Applying the requisite presumption of validity to the Commissioners' action, *Corper v. Denver, supra,* the trial court refused to invalidate the two remaining rezonings. Plaintiffs maintain that this finding constituted a substitution of the trial court's own judgment and zoning philosophy for that of the Board and, therefore, exceeded the proper scope of review under *Nopro Co. v. Town of Cherry Hills Village,* 180 Colo. 217, 504 P.2d 344 (1972).

■ We agree with plaintiffs that the rezoning approval was quasi-judicial rather than legislative in nature. *Snyder v. City of Lakewood, supra.* Even so, a C.R.C.P. 106(a)(4) certiorari zoning review is limited to a review of the record only. *Famularo v. Board of County Commissioners,* 180 Colo. 333, 505 P.2d 958 (1973). There is nothing in the record which makes any petition dependent on any other. Indeed, since the petitions, notices, publications, and approvals were all separately numbered and separately considered, the opposite conclusion is indicated.

## III.

■ Finally, plaintiffs contend the trial court erred in finding there was competent evidence to affirm the Commissioners' rezoning action. We disagree. We have reviewed the record and conclude that the parties had a full and complete hearing. The Commissioners' findings of fact are amply supported by the record. Therefore we, as well as the trial court in its review, are bound thereby. *Ford Leasing Development Co. v. Board of County Commissioners,* 186 Colo. 418, 528 P.2d 237 (1974); *Board of County Commissioners v. Simmons,* 177 Colo. 347, 494 P.2d 85 (1972).

The judgment of the trial court is affirmed.

SMITH and BERMAN, JJ., concur.