NATIONAL HERITAGE, INC., a corporation doing business as Pikes Peak Manor; and William B. Weber, Plaintiffs-Appellants,

v.

Walter M. PRITZA; Jean A. Pritza; Ronald Cockrell; and the City Council of the City of Colorado Springs, a municipal corporation, Defendants-Appellees.

No. 85CA1240.

Colorado Court of Appeals, Div. III.

Oct. 2, 1986.

Newman E. McAllister, Colorado Springs, for plaintiffs-appellants.

James G. Colvin, II, City Atty., Jackson L. Smith, Asst. City Atty., Michael J. Heydt, Chief Litigation Atty., Colorado Springs, for defendant-appellee City Council of City of Colorado Springs.

Clawson, Potter & Gardner, P.C., Kimball Gardner, Colorado Springs, for defendant-appellee Ronald Cockrell.

No Appearance for defendants-appellees Walter M. Pritza and Jean A. Pritza.

TURSI, Judge.

In this C.R.C.P. 106(a)(4) proceeding, National Heritage, Inc., doing business as Pikes Peak Manor, and William B. Weber (plaintiffs) appeal the judgment of the trial court which affirmed the decision of the Colorado Springs City Council (City Council) granting a use variance for property owned by Walter M. and Jean A. Pritza, under contract of sale. The use variance allowed the property, which was located in an area zoned for residential use, to be used for a dental office. On appeal, plaintiffs contend that the trial court erred in finding that the City Council did not abuse its discretion or exceed its jurisdiction in granting the use variance because (1) no competent evidence supported the criteria required for the grant of a use variance and (2) the City Council relied on material misrepresentations of fact in granting the use variance. We affirm.

I

Colorado Springs is a home rule city. Colorado Springs Code § 14–7–102 (as it existed at the time this case was initiated) permits authorization of a use variance upon findings by the City Council:

"a) That there are exceptional or extraordinary circumstances or conditions applicable to the property involved or to the intended use of the property that do not apply generally to the property or class of uses in the same zone so that a denial of the petition would result in undue property loss; and,

b) That such variance is necessary for the preservation and enjoyment of a property right of the petitioner; and also,

c) That such variance will not be detrimental to the public welfare or convenience nor injurious to the property or improvements of other owners of property."

Following hearing, the City Council made findings to the effect that each of these criteria had been met and granted Cock-rell's request for a use variance. Plaintiffs argue that the findings are not supported by competent evidence. We disagree.

■ Zoning proceedings, which are informal in nature, do not require application of the rules of evidence used in judicial proceedings. *Murray v. Board of Adjustment*, 42 Colo.App. 113, 594 P.2d 596 (1979). The primary requirement is that the principles of fundamental fairness be observed in such proceedings. *Monte Vista Professional Building, Inc. v. Monte Vista*, 35 Colo.App. 235, 531 P.2d 400 (1975).

■ Here, the evidence tended to show that (1) the property was exceptional in that it was the only property in the neighborhood which fronted two major thoroughfares carrying a high volume of traffic; (2) the property could no longer be used as single family residence because of the noise and pollution generated by the traffic; and (3) the proposed use of the property as a dental office would not be detrimental to the public welfare but would benefit the neighborhood because no dental offices were located in the area. While the admission of some of this evidence may not have been in strict compliance with the Colorado Rules of Evidence, the record reveals that the hearing before the City Council comported with the principles of fundamental fairness. Thus, the City Council's grant of the use variance, being supported by competent evidence, did not constitute an abuse of discretion. *See Murray v. Board of Adjustment, supra.*

Plaintiffs contend that, for the purposes of allowing a use variance, conditional uses must meet the same criteria as permitted uses, and therefore, an applicant for a use variance must show that conditional uses of the property, as well as permitted uses, are no longer feasible. We disagree.

■ Unlike a permitted use, a conditional use requires special permission of the zoning authority; thus, it is a use additional to those generally permitted. *Elam v.*

*Albers,* 44 Colo.App. 281, 616 P.2d 168 (1980); *see* Colorado Springs Code § 14–7–102, *supra.* Furthermore, under Colorado Springs Code § 14–7–102, *supra,* the allowance of either a conditional use or a use variance requires proof of different criteria. *See Guildner Way, Inc. v. Board of Adjustment,* 35 Colo.App. 70, 529 P.2d 332 (1974).

■ Permitted and conditional uses are distinguishable from use variances, and the adoption of criteria required to be shown for the grant of a use variance is a legislative matter which lies within the powers of a home rule city. Therefore, we decline to require, in addition to the criteria set forth in Colorado Springs Code § 14–7–102, *supra,* that an applicant for a use variance show that conditional uses are no longer feasible. *See Greeley v. Ells,* 186 Colo. 352, 527 P.2d 538 (1974).

Plaintiffs propound a number of other arguments regarding the sufficiency of the evidence. These arguments rest on an interpretation of the evidence contrary to that of the City Council and the trial court. However, because the evidence supports the findings of fact, we need not meet the legal issues presented by these arguments. *See Greeley v. Ells, supra.*

## II

Plaintiffs next contend that the City Council relied on material misrepresentations of fact in granting the use variance. The trial court found that it was "far from clear that any deliberate misrepresentation was intended" on the part of the Pritzas and Cockrell. Our review of the record leads us to the same conclusion. Thus, plaintiffs have failed to prove misrepresentation which would require reversal. *See Ficor, Inc. v. McHugh,* 639 P.2d 385 (Colo. 1982).

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.