Socrates SCLAVENITIS and Charles F. Smith, Plaintiffs–Appellants,

v.

CITY OF CHERRY HILLS VILLAGE BOARD OF ADJUSTMENT AND APPEALS; Judson L. Manning, David Little, William Cooper, Virginia Park, and Gordon Lewis, individually and as present members of the City of Cherry Hills Village Board of Adjustment and Appeals; Jean Brott, City of Cherry Hills Village Chief Building Official; and the City of Cherry Hills Village, Defendants–Appellees.

No. 85CA1780.

Colorado Court of Appeals, Division I.

Jan. 21, 1988.

Richard D. Dittemore, P.C., Richard D. Dittemore, Englewood, for plaintiffs-appellants.

Morris & Lower, Robert L. Morris, P. Kathleen Lower, Denver, for defendants-appellees.

METZGER, Judge.

The plaintiffs, Socrates Sclavenitis and Charles F. Smith, appeal the district court judgment affirming the decision of the Board of Adjustment and Appeals of Cherry Hills Village (Board) which denied a building permit for a nonconforming use by right. The plaintiffs assert that: (1) they were deprived of procedural due process in the proceedings before the Board; (2) the decision of the Board is not supported by the administrative record; (3) the Board and the trial court misapplied the law to deprive plaintiffs of their property rights; and (4) the trial court erred in dismissing the plaintiffs' claims for damages, attorney fees, and costs under 42 U.S.C. § 1983. We reverse and remand for further proceedings.

The plaintiffs applied to the Board for the issuance of a building permit for a single family residence. The property at issue is zoned R–2, which, under the Cherry Hills Village Zoning Ordinance, requires a minimum lot size of one and one-quarter acres and a minimum lot width of 150 feet. The plaintiffs' lot does not meet these minimum size requirements. Indeed, at no time has the lot in question conformed to the minimum lot size as provided in the original and revised Cherry Hills Village Zoning Regulations.

The plaintiffs filed their original application for a building permit on May 30, 1984, and the Board denied it for reasons not pertinent here. The plaintiffs then re-filed their application, and public hearings were scheduled on October 25 and November 28, 1984.

The plaintiffs appeared at the October 25 hearing to present testimony and evidence in support of their application. However, immediately before the November 28, 1984, meeting, the plaintiffs' attorney was informed by a member of the Board's staff that a decision would be announced at the meeting, and there was no need for his personal appearance. Despite this assurance, the Board took further testimony adverse to plaintiffs at that hearing, and the plaintiffs had no opportunity to hear or dispute it. The Board then denied plain-

tiffs' second application for the building permit.

The plaintiffs appealed the denial of the permit pursuant to C.R.C.P. 106(a)(4). The district court affirmed the Board's action and this appeal followed.

## I.

We agree with the plaintiffs' assertions that the decision of the trial court must be reversed because they were deprived of procedural due process in the hearings conducted before the Board.

■ Administrative proceedings need not be conducted according to strict rules of procedure and evidence. *National Heritage, Inc. v. Pritza,* 728 P.2d 737 (Colo. App.1986). However, the hearing process must be conducted in an atmosphere evidencing fairness in the adjudication of matters before the Board. *Monte Vista Professional Building, Inc. v. Monte Vista,* 35 Colo.App. 235, 531 P.2d 400 (1975). Such was not the case here.

■ The hearing held on October 25, 1984, terminated without notice to the plaintiffs that further evidence would be taken. Moreover, the plaintiffs' attorney was informed that his presence was not necessary at the November hearing because no further evidence would be taken and the decision would be announced. Nonetheless, the Board reopened the record and took further significant testimony and legal statements without affording the plaintiffs an opportunity to be heard. Under these circumstances, the plaintiffs were denied procedural due process. *National Heritage, Inc. v. Pritza, supra.*

## II.

We also agree with the plaintiffs' contentions that the decision of the Board was not supported by the record, and that the Board and the trial court misapplied the law in denying plaintiffs' application for a building permit on a nonconforming lot.

■ In administrative proceedings, the record must support the decision reached. *Murray v. Board of Adjustment,* 42 Colo. App. 113, 594 P.2d 596 (1979). Findings of fact should be sufficient in content to apprise the parties and the reviewing court of the factual basis of the action of the administrative agency, so that the parties and any reviewing tribunal may determine whether the decision has support in the evidence and the law. *Murray v. Board of Adjustment, supra.*

■ The parties have agreed throughout these proceedings that the plaintiffs sought an application for a building permit on the basis of "nonconforming use." The Cherry Hills Zoning Regulations define nonconformance as

"Structures and lots, and uses of land, structures, or lots which do not meet the requirements of this Title but which were legally established and maintained at the time of the adoption of this Title."

City of Cherry Hills Village Zoning Regulations 6-1-1 (1984); *see generally Service Oil Co. v. Rhodus,* 179 Colo. 335, 500 P.2d 807 (1972). The regulations further provide that

"Subject to the provisions of this Chapter [14], any structure, or lot, or use of land, structure or lot which does not meet the requirements of this Title, but which was legally established and maintained at the time of the adoption of this Title or of any amendment causing nonconformance shall be lawful."

City of Cherry Hills Village Zoning Regulations 6-14-1 (1984).

Under the regulations,

"Nonconforming lots of record at the time of passage of this Title may be constructed upon, but only:

A. With or as an authorized use in the applicable zone district; and

B. If approved by the Board of Adjustment and Appeals after consideration of the proposed use and structure in relation to the City's Master Plan ... this Title, and existing structures and uses in the area as well as the effect of the denial of the application on applicant's use of the lot or lots. The Board may impose reasonable conditions on approval of

an application consistent with the above considerations...."

City of Cherry Hills Village Zoning Regulations 6–14–2 (1984).

An application for a building permit on a nonconforming lot must be submitted to the Board of Adjustment and Appeals and is subject to a public hearing. City of Cherry Hills Village Zoning Regulations 6–3–2(D) (1984). An application for a building permit must be granted if it complies with the provisions of the zoning regulations. *See People ex rel. Grommon v. Hedgcock,* 106 Colo. 300, 104 P.2d 607 (1940).

The Board's first reason for denying plaintiffs' building permit was that plaintiffs had not shown that the lot had been legally established and maintained at the time the zoning regulation was adopted. However, appended to the application is an abstract of title, which shows that the lot was established and maintained in its present size since the adoption of the zoning regulation in 1949. Thus, the record does not support the Board's first finding.

In addition, it is evident from the Board's remaining findings that the Board misapplied the law by relying on an analysis of variance regulations, rather than on an analysis of nonconforming use regulations, to deny the plaintiffs' application for a building permit on a nonconforming lot.

A variance is defined as:

"an authorization for the construction or maintenance of a building or structure or for the establishment or maintenance of a use of land, which is prohibited by a zoning enactment."

82 Am.Jur.2d, *Zoning & Planning* § 255 (1976)

Under the City's zoning regulations, the Board is authorized to grant a variance, unless the special condition of the property is the result of the property owner's actions. City of Cherry Hills Village Zoning Regulations 6–3–2(C)(1) (1984). In order to grant a variance, the Board must find

"a. That the requirements of Section 6–3–2 C1 [adequate written application] have been met by the applicant for a variance; and

b. That the reasons set forth in the application justify the granting of the variance ... and

c. That the granting of the variance will be in harmony with the general purpose and intent of [the] Title and Master Plan and will not be unduly injurious to the neighborhood or otherwise detrimental to the public welfare."

City of Cherry Hills Village Zoning Regulations 6–3–2(C)(4) (1984).

Here, the Board denied the plaintiffs' application, finding that:

"2. The special conditions and circumstances result from the actions or inactions of the applicant and thus constitute a self-imposed hardship.

"3. Reasonable protections are not afforded adjacent properties.

"4. The reasons set forth in the application do not justify the granting of the variance.

"5. The variance will not be in harmony with the general purpose and intent of City Code Title 6 and the Master Plan and will be unduly injurious to the neighborhood or otherwise detrimental to the public welfare."

The Board may properly consider these factors in determining whether to grant a variance. City of Cherry Hills Village Zoning Regulations 6–3–2(C). However, by the terms of the regulations, these considerations are inapplicable to a determination whether to grant a building permit for a nonconforming use. City of Cherry Hills Village Zoning Regulations 6–14–2 (1984). Thus, the Board's misapplication of the law constituted error. Hence, the Board's ruling denying the variance, and the trial court's judgment affirming it, cannot stand. *Van Winkle v. Transamerica Title Insurance Co.,* 697 P.2d 784 (Colo.App. 1984).

### III.

Plaintiffs' final contention is that the trial court erred in dismissing their claims under 42 U.S.C. § 1983, as not being within the ambit of C.R.C.P. 106(a)(4). We agree.

C.R.C.P. 106(a)(4) is the exclusive state remedy for challenging a decision concerning rezoning. *Gold Run, Ltd. v. Board of County Commissioners*, 38 Colo.App. 44, 554 P.2d 317 (1976). Nonetheless, plaintiffs can seek money damages to vindicate violations of federal constitutional rights resulting from zoning decisions pursuant to 42 U.S.C. § 1983. *See Lake County Estates v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). In order to state a claim for relief under 42 U.S.C. § 1983, all that a plaintiff need allege is: 1) that he was deprived of a federal right and (2) that such deprivation was effected by one acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981).

Here, the plaintiffs alleged that the Cherry Hills Board of Adjustment and Appeals, acting pursuant to its authority to grant building permits under the zoning regulations and applicable state law, denied plaintiffs' rights to procedural due process as guaranteed by the United States Constitution. Thus, the complaint sufficiently stated a claim under 42 U.S.C. § 1983, and the trial court erred in dismissing it. A different result is not dictated by the holding in *Brown v. Colorado Springs*, 749 P.2d 475 (Colo.App.1987). In that case, as we specifically noted, the plaintiff did not allege a violation of procedural due process.

Nor are we constrained to reach a different result by our holding in *Higby v. Board of County Commissioners*, 689 P.2d 635 (Colo.App.1984). In *Higby*, the plaintiffs sought declaratory relief from a rezoning decision under 42 U.S.C. § 1983, and did not seek money damages. Moreover, in *Higby*, record review was a sufficient remedy for the challenged zoning actions.

In contrast, here, the plaintiffs seek money damages to vindicate an asserted violation of their constitutional right to procedural due process, as guaranteed by the Fourteenth Amendment. Thus, the record review provided by C.R.C.P. 106(a)(4) is insufficient to remedy the injury they claim.

Accordingly, the judgment is reversed. That portion of the judgment concerning the grant of a building permit is remanded with directions that the trial court reverse the decision of the Cherry Hills Village Board of Adjustment and Appeals and remand the cause to it to conduct a new hearing and utilizing the appropriate regulations and to issue a decision containing appropriate findings thereunder. That portion of the judgment pertaining to the plaintiffs' 42 U.S.C. § 1983 claim is remanded to the district court for further proceedings in accordance with this opinion.

PIERCE and CRISWELL, JJ., concur.