PENROSE HOSPITAL OF COLORADO SPRINGS, Colorado, a Non–Profit Corporation, Plaintiff–Appellant,

v.

The CITY OF COLORADO SPRINGS, Colorado, a Municipal Corporation, Defendant–Appellee.

No. 89CA2105.

Colorado Court of Appeals, Div. A.

Oct. 11, 1990.

Rehearing Denied Nov. 8, 1990.

Donald E. LaMora, P.J. Anderson, Colorado Springs, for plaintiff-appellant.

James G. Colvin II, City Atty., Jackson L. Smith, Asst. City Attorney, Colorado Springs, for defendant-appellee.

Opinion by Judge NEY.

Penrose Hospital of Colorado Springs appeals the trial court's dismissal of its C.R. C.P. 106 proceeding. We reverse.

The trial court upheld the refusal by the Colorado Springs City Council to approve an amendment to the development plan submitted by Penrose. The proposed amendment would have permitted the establishment of a facility for adults suffering from substance abuse, a permitted use of property zoned R–5, but not a use designated on the original development plan filed by Penrose.

Penrose contends that it is entitled by right to make use of its property for any principal permitted use authorized in the R–5 zone, in addition to uses allowed by its development plan. We agree.

Because a hospital is not a principal permitted use within the R–5 zone where its property is located, Penrose, many years ago, sought and received a conditional use for hospital purposes. To obtain that conditional use, Penrose, as required by the zoning ordinance, filed a development plan. That development plan denoted a structure on the property in question as a convent. It is this structure, no longer feasible for use as a convent, which the hospital seeks to use as a drug treatment facility.

The city contends that the property is zoned "R–5 Conditional Use" and as such is entirely subject to the conditional use provisions of its zoning laws as applied in the development plan, independent of any use by right of the R–5 zone. Hence, it argues that the original development plan is controlling, and any modification of that plan is subject to the procedures for modification of a development plan, even if the proposed use is a use by right in the underlying zoning.

Penrose asserts that the property is zoned R–5, with a conditional use granted to operate a hospital on the property. Therefore, the property may be utilized for any purpose permitted within an R–5 zone and, in addition, may be utilized for a hospital facility as permitted by the conditional use authorized by the development plan. We agree that a permitted conditional use adds to, rather than substitutes for, the uses designated for an R–5 zone.

The City of Colorado Springs Zoning Code § 14–6–101, in its Description and Purpose of Conditional Uses, states:

"The development and administration of a comprehensive zoning ordinance is based upon the division of the City into zone districts within which districts the use of land and buildings ... are relatively uniform. It is recognized, however, that there are occasions when in addition to the principal permitted uses, special uses, hereinafter referred to as conditional uses, because of their unique characteristics and because of the uniqueness of their proposed location, may be allowed after careful consideration of the impact of the particular uses upon the neighborhood and the public facilities therein."

This language allows a use in *addition* to those previously authorized within a zoning category. There is no language to suggest that the conditional use supplants those previously authorized by the zoning.

In *National Heritage, Inc. v. Pritza*, 728 P.2d 737 (Colo.App.1986), this court stated that: "[A] conditional use requires special permission of the zoning authority; thus, it is a use additional to those generally permitted."

We conclude that the approved development plan granting Penrose a conditional use does not deprive Penrose of the right to make use of its property in accordance with the underlying zoning.

Since we hold that the use intended by Penrose is permitted by right and is not a matter within the discretion of the city council, we need not address Penrose's assertion that the council's finding of the adverse impact upon the surrounding neighborhood was arbitrary and capricious.

The judgment is reversed, and the matter is remanded to the district court with instructions to order the defendant to permit Penrose to utilize the property for any use permitted by right in an R–5 zone.

STERNBERG, C.J., and DAVIDSON, J., concur.