**Franklin L. BURNS and Peoria Development Company, Inc., Plaintiffs–Appellants,**

**v.**

**BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO and Arapahoe County Board of Equalization, Defendants–Appellees.**

**No. 90CA1585.**

Colorado Court of Appeals, Div. IV.

Oct. 10, 1991.

Jensen Byrne Parsons Ruh & Tilton, P.C., William C. Jensen, James C. Ruh, Denver, for plaintiffs-appellants.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellee Bd. of Assessment Appeals of State of Colo.

Peter Lawrence Vana III, Arapahoe County Atty., Richard F. Mutzebaugh, Littleton, for defendant-appellee Arapahoe County Bd. of Equalization.

Opinion by Judge HUME.

Plaintiffs, Franklin L. Burns and Peoria Development Company, Inc., appeal a district court judgment affirming an order of the Board of Assessment Appeals (BAA) concerning the 1987 assessed valuation of a shopping center. We affirm.

The Arapahoe County Assessor valued the shopping center at $8,126,942. That valuation was upheld on appeal to defendant, Arapahoe County Board of Equalization (BOE), but upon further appeal to the BAA, it was reduced to $6,470,552. Still dissatisfied, plaintiffs sought judicial review of the BAA's order in district court. That court, finding that the BAA's action was neither erroneous nor arbitrary and capricious, entered a judgment in favor of defendants.

## I.

Plaintiffs first contend that there is no competent or substantial evidence supporting the BAA's valuation. We disagree.

A reviewing court may not set aside a decision of the BAA unless there is no supporting competent evidence. *Board of Assessment Appeals v. Colorado Arlberg Club*, 762 P.2d 146 (Colo.1988).

For purposes of judicial review of administrative decisions, competent evidence is the same as substantial evidence. *Colorado Municipal League v. Mountain States Telephone & Telegraph Co.*, 759 P.2d 40 (Colo.1988). And, the substantial evidence standard requires that there be more than merely "some evidence in some particulars" to support an administrative body's decision. *Whelden v. Board of County Commissioners*, 782 P.2d 853 (Colo.App.1989).

Here, plaintiffs and the assessor's office both presented expert testimony to the BAA in support of their respective estimates of the actual value of the shopping

center derived from application of cost, market, and income approaches. The assessor's expert accorded more weight to the cost and market approaches than to the income approach, while plaintiffs' expert urged that greater weight be given to the income approach.

■ If conflicting testimony is presented in an administrative hearing, the credibility of witnesses and the weight to be given their testimony are committed to the fact-finding discretion of the agency. *Charnes v. Lobato*, 743 P.2d 27 (Colo.1987).

Here, there is substantial evidence to support the BAA's decision; therefore, we perceive no error in the district court's refusal to set it aside.

## II.

Plaintiffs also contend that the BAA's findings are inadequate to apprise a reviewing court of the basis of its decision. We disagree.

■ In administrative proceedings, the decision must be supported by the record. *Murray v. Board of Adjustment*, 42 Colo. App. 113, 594 P.2d 596 (1979). Findings must be adequate to apprise the parties and any reviewing tribunal of the basis of the BAA's decision. *Geer v. Presto*, 135 Colo. 536, 313 P.2d 980 (1957).

■ However, an agency's findings of fact may be express or implied. *Board of Assessment Appeals v. Colorado Arlberg Club, supra*. Further, the absence of findings by an administrative board is not fatal to a decision if there is evidence in the record which supports its decision. *Cooper v. Civil Service Commission*, 43 Colo.App. 258, 604 P.2d 1186 (1979).

■ Here, if the BAA's decision is viewed in isolation, it may appear lacking in clarity, precision, or completeness. However, its express findings, taken together with reasonable implications based upon its assessment of the totality of the evidence presented at the hearing, are adequate to apprise us of the basis of the decision. *See Board of Assessment Appeals v. Arlberg Club, supra*.

Hence, we, as did the trial court, decline to disturb the BAA's decision on appeal.

## III.

Lastly, plaintiffs contend that the judgment must be reversed because the BAA failed to render its decision within thirty days after the hearing, as required by statute. Again, we disagree.

The hearing before the BAA was held on February 21, 1989. The BAA's decision was issued some 59 days later, on April 21.

■ Section 39–2–125(1)(c), C.R.S. (1990 Cum.Supp.) vests jurisdiction in the BAA to hear appeals from decisions of county boards of equalization. It also provides:

"Appeal decisions shall be rendered within thirty days after the date of hearing or by the last day of the same calendar year, whichever is the earlier date."

The statute further provides legislative remedies in the form of additional appropriations in the event the BAA, because of an extraordinary work load, is unable to complete hearing by the end of a given calendar year. No statutory remedy is provided, however, for the BAA's failure to render a decision within the prescribed 30–day period.

Initially, plaintiffs argue that, because the BAA failed to render a timely decision, it did not have jurisdiction to determine the issues on appeal. We disagree.

The General Assembly has provided no alternative forum for determination of appellate issues that are not timely decided by the BAA. Nor has it mandated that issues not timely determined by that body are to be resolved by indulging a presumption favorable or unfavorable to the appealing party.

Furthermore, to the extent that it has provided a remedy for the untimely exercise of the BAA's appellate authority, the General Assembly has indicated a preference for expanding the resources of the statutory board or for extending the BAA's statutory authority to act beyond the calendar year, rather than by limiting its appellate jurisdiction.

In the absence of a clear expression of legislative intent that the BAA's failure to render a timely decision deprives it of jurisdiction to act, we decline so to hold. *See People ex rel Johnson v. Earl,* 42 Colo. 238, 94 P. 294 (1908).

We also reject plaintiffs' alternative argument for reversal based upon the General Assembly's use of the word "shall" in the pertinent statute.

 The use of the word "shall" in a legislative enactment is presumed to connote a mandatory meaning. *Board of County Commissioners v. Edwards,* 171 Colo. 499, 468 P.2d 857 (1970).

However, the ascertainment and effectuation of legislative intent is the polestar of statutory interpretation. *People v. Lee,* 180 Colo. 376, 506 P.2d 136 (1973). *See also* § 2–4–212, C.R.S. (1980 Repl.Vol. 1B).

If a strict, literal, or technical interpretation of the words of a statute leads to an absurd or unintended result that is not in accord with the purpose to be accomplished, such interpretation must yield to allow the intended purpose to be carried out. *Frohlick Crane Service, Inc. v. Mack,* 182 Colo. 34, 510 P.2d 891 (1973); *Firstbank of North Longmont v. Banking Board,* 648 P.2d 684 (Colo.App.1982).

The obvious purpose of the 30–day provision is to provide an expedited process for the resolution of tax appeals. However, interpretation of that provision as suggested by plaintiff would cause delay rather than avoiding it. Under that construction, any delay beyond 30 days by the BAA in deciding an appeal would result in the vacation of an otherwise correct decision for the sole purpose of having the matter reheard, reconsidered, and redetermined by the same appellate body. Such a result would be clearly contrary to the intent of the General Assembly.

Thus, we hold that the General Assembly intended that the BAA's dilatory non-compliance with the statute should be avoided, but that it will not constitute reversible

error in the absence of any demonstrated prejudice.

Here, plaintiffs have made no showing that they suffered any damage or prejudice from the period of delay in the BAA's announcement of its decision. Hence, we conclude that the district court did not err in affirming the BAA's decision.

The judgment is affirmed.

ROTHENBERG and VAN CISE*, JJ., concur.